# EXHIBIT A

Vcorp SERVICES

**Legal/SOP Cover Sheet**

Tuesday, June 21, 2022

Yael Sandler
Yael Sandler
2 Ilan Ramon, Science Park Ness-Ziona
, Israel, 7403635,

**Re:** Nano Dimension USA Inc. , California
**Case #:**
**Vcorp Log #:** VS-131346

Dear Yael Sandler,

Attached please find copies of service of process received by Vcorp Services LLC, its subsidiaries or affiliates ("Vcorp") on behalf of the above referenced entity.

**Date Served:** 6/21/2022
**Jurisdiction:** California
**Sender's Name:** Law Offices of Tina Locklear
**Sender's Address:** One Park Plaza, Sixth Floor
**Sender's City/State/Zip:** Irvine,CA 92614
**Type:** Complaint

Document History:

| Log#: | Doc Type: | Date Received: | Jurisdiction: | Case Caption: |
|---|---|---|---|---|
| VS-131346 | Complaint | 6/21/2022 | California | |
| VS-120091 | Subpoena | 11/23/2021 | California | |
| VS-110060 | Subpoena | 5/11/2021 | California | |
| VS-109893 | Legal Letter | 5/10/2021 | California | |

Please advise if you have any questions or as we can be of service

Ken Chiang

**25 Robert Pitt Drive, Suite 204**
**Monsey, New York 10952**
**Tel. 888-528-2677**

Tina Locklear (SBN: 206115)
**LAW OFFICES OF TINA LOCKLEAR**
1 Park Plaza, Sixth Floor
Irvine, CA 92614
Phone: (714) 331-1014
Fax (657) 348-2213
Tina@locklearlaw.com

Julie A. Goerlinger (SBN: 282468)
**GOERLINGER LAW APC**
17853 Santiago Blvd., Suite 107-493
Villa Park, CA 92861
Phone: (714)925-3989
julie@goerlingerlaw.com

Attorneys for Plaintiff, Samuel Frist

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES- STANLEY MOSK COURTHOUSE**

SAMUEL FRIST,

Plaintiff

v.

NANO DIMENSION USA, INC., a Delaware Company doing business in California as NANO DIMENSION 3D, INC., and DOES 1 through 50, inclusive.

Defendants,

**Case No.:** 22STCV18847

**COMPLAINT FOR:**

**1. Failure to Pay Overtime Compensation (Labor Code §§ 510, 1194, 1198, and 1199)**

**2. Failure to Provide Proper Wage Statements and Records (Labor Code §226)**

**3. Failure to Pay Timely Wages at Termination (Labor Code §§201-204, and 558.1)**

**4. Meal and Rest Break Violations (Labor Code § 226.7, 512 and Wage Order 4-2001)**

**5. Willful Misclassification (Labor Code §§ 515 and 515.5)**

**6. Wait Time Penalties (Labor Code §§ 201-203)**

**7. Unlawful and/or Unfair Business Practices (B&P §§17200-17208)**

**8. Breach of Good Faith and Fair Dealings**

Judge:

Dept:

**UNLIMITED CIVIL CASE**

**REQUEST FOR JURY TRIAL**

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action against Defendants NANO DIMENSION USA, INC., a Delaware Company doing business in California as NANO DIMENSION 3D, INC., (hereinafter "NANO"), and Does 1 through 50 (hereinafter "Defendants") to recover unpaid wages, restitution, statutory penalties, attorneys' fees and costs, and all available forms of relief.

2. Defendants failed to pay wages, failed to pay overtime wages, misclassified Plaintiff as an exempt salaried employee, failed to provide uninterrupted off-duty meal and rest periods, failed to pay premium pay for not allowing uninterrupted meal and rest periods, failed to pay compensation for travel time, failed to furnish wage statements, and failed to pay wages due upon termination, and violated numerous California labor codes.

**VENUE, NOTICE OF CLAIM AND TIMELINESS**

3. Venue is proper in this Court because Defendants do substantial business in Los Angeles County, California, and employed Plaintiff to perform work in Los Angeles County, California.

4. Each Defendant is within the jurisdiction of this Court for service of process purposes. The unlawful acts alleged herein have a direct effect on Plaintiff within the State of California

and within Los Angeles. There is no federal question at issue as the issues herein are based solely on California statutes and law, including the Labor Code, IWC Wage Orders, Code of Civil Procedure, and the Civil Code. Thus, the above-entitled Court maintains appropriate jurisdiction to hear this matter.

5. Plaintiff suffered injury from holding his position at Defendants, was misclassified as an exempt salaried employee, was not paid overtime according to California law, did not receive itemized wage statements according to California law, was not provided with all uninterrupted meal and rest breaks, was not paid premium pay, was not paid wages when due, was not paid for travel, and was not paid final wages upon termination.

**PLAINTIFF**

6. Plaintiff, Samuel Frist, is presently a resident of Ewing, Kentucky. At all times relevant to this pleading, he was employed as a California employee pursuant to his contract that specifies California as choice of law and jurisdiction. He performed work within the County of Los Angeles and County of San Diego in California which further confirms his status as a California employee.

**DEFENDANT**

7. Plaintiff brings this action against Defendant who at all times mentioned was a Delaware Company doing business in California with its headquarters located at 620 3rd Street, Oakland, California 94607, and who performed substantial business in the County of Los Angeles. Based on information and belief, in or about spring 2020, Defendants relocated its headquarters to Sunrise, Florida.

8. Plaintiff is unaware of all of the true names, capacities, relationships, and the extent of participation in the conduct alleged herein, of the potential DOE Defendants, sued as DOES 1 through 50, but are informed and believe and thereon allege that said Defendants are legally

responsible for the wrongful conduct alleged herein and therefore sue these Defendants by such fictitious names. When Plaintiff becomes aware of the true identity of the remaining DOES, Plaintiff will amend this Complaint accordingly.

9. Plaintiff is informed and believes and thereon alleges that each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiff, and exercised control over his wages, hours, and working conditions.

10. Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant is legally attributable to the other Defendants.

11. Plaintiff is informed and believes and thereon alleges that Does 1 through 50 are liable to Plaintiff pursuant to LC §558.1 as persons who caused and participated in the labor code violations articulated herein.

**GENERAL ALLEGATIONS**

12. Plaintiff was employed by Defendants and each of them, in the State of California.

13. Plaintiff worked for Defendants as a Field Support Engineer beginning February 10, 2020. He traveled to various locations as assigned by Defandant for approximately four months.

14. Plaintiff was recruited from Hewlett Packard by Andre Garcia, a Manager of Defendants in January of 2020. After successfully completing his interviews, Defendants offered Plaintiff a position, which included the ability to work remotely when not at job sites. His annual salary was to be $82,000.

15. The terms and details of his employment were outlined in the Employment Letter Agreement dated January 8, 2020 (hereinafter "Agreement"). The Agreement contains the following clause subjecting Mr. Frist to California law:

> *"Jurisdiction and Choice of Law, Waiver of Trial by Jury. This Agreement shall in all respects, including all matters of construction, validity and performance, be governed by, and construed and enforced in accordance with, the laws of the* ***State of California,*** *without regard to any rules governing conflicts of laws."*

16. At all times throughout his employment, Plaintiff was required to travel both internationally and nationwide, including such places as Israel, Indiana, California, Georgia and Florida. Plaintiff was not paid any travel time to and from the job sites and his home. Defendants booked all reservations for Plaintiff's travel, thus controlling his schedule to and from each job site.

17. Plaintiff was improperly classified as an exempt, salaried employee, although there was no labor code exemption or work order that qualified Plaintiff to be considered exempt. As an improperly classified salaried employee, he was never compensated for his travel time, nor compensated overtime pay for his hours worked over an 8-hour period.

18. During training by Defendants, Plaintiff was taught that meal and rest breaks were not permitted. The focus was to get the job done as quickly as possible so that they could travel to the next job. As this was the policy he was taught, Plaintiff did not take his permitted ten-minute rest breaks nor any of his thirty-minute meal breaks, although guaranteed to him by his rights under California law.

19. Because Defendants incorrectly misclassified Plaintiff as an exempt salaried employee, he was not given payment for the hourly premium pay he was owed for all the missed meal and rest breaks.

20. The California Supreme Court has determined that nonpayment of Premium Pay is considered unpaid wages, pursuant to *Naranjo v Spectrum Security Services, Inc.*. The Premium Pay should have been listed on all paystubs, and paid in each pay period. Defendants knowingly and intentionally failed to pay Plaintiff for two additional hours of premium pay per day when his meal and rest periods were either interrupted or not given.

21. From February 2020 to May 2020, Plaintiff travelled to job sites at least twice a month. Those shifts sometimes exceeded 16 hours, which should have been paid at 1.5 times or double his hourly rate. The unpaid overtime was not tracked by Defendant, although Plaintiff kept records. Nor did Defendant account for it on his itemized wage statement as required by law. Those unaccounted hours were intentionally and knowingly left off Plaintiff's wage statements and not reflected in his pay in violation of California *Labor Code* §§ 226 and 226.3.

22. On March 31, 2020 Plaintiff received a letter stating his salary would be cut by 30% as of April 1st. Without travel to job sites, Plaintiff continued to work full time on projects at home for the first three weeks of April. Despite having received his written terms of employment just 3 months earlier, Defendants now paid Plaintiff 30% less than the offered pay. Plaintiff left long-term stable employment with HP, relying on the representations made that included the promise of a $17, 000 increase, which equaled a 26% increase in pay. However, he was now getting paid 56% less than his prior job due to this unilateral pay cut.

23. On or about April 25th, Plaintiff was advised by Mr. Garcia that Defendant was implementing a new policy, which required all employees to work out of the Florida office starting April 26th. This change in policy was never communicated in writing by anyone at Defendants. Plaintiff was hired with the promise of being classified a remote worker when not traveling to job sites. Plaintiff was never given the opportunity to assess the advantages of relocation, as no relocation stipend or offer was ever conveyed.

24. Despite the change in terms of his agreement, Plaintiff agreed to travel to the Florida location as he feared losing his employment amidst a pandemic. He is the primary provider for his wife and child. Under the hardship, he complied.

25. On April 30, 2020, while in Boca Raton, Plaintiff received an email from Yoav Stern which modified the 30% pay cut to be a 20% pay cut, effective as of May 1st. This meant Plaintiff's salary was $65,600, instead of $82,000. In addition, the letter promised that a stock option plan was to be given to employees in June to make up for these reductions.

26. This was also an illusory promise by Defendant, made in writing. A stock option plan was never presented to Plaintiff. Instead, he was terminated.

24. Plaintiff received his termination letter on May 14, 2020 which stated his last day would be May 28th 2020.

25. At the time of Mr. Frist's departure from Defendant, he was owed wages in the form of overtime wages, travel time, missed meal and rest period premium wages. Defendants failed to pay all wages owed in violation of California *Labor Codes* § 201 and 203 upon Plaintiff's departure.

26. Defendants operated with disregard to numerous California laws, including those defining overtime, compensation for travel, meal and rest breaks, proper wage statements, timekeeping and records, and proper payment upon termination.

27. Defendants misclassified Plaintiff as an exempt salaried employee. Plaintiff did not meet the minimum salary and job duty requirements to be legally classified as exempt.

28. Liability under Cal. Lab. Code §§558, and 558.1 arises against corporate and individual defendants for directing the violations to occur, or acting on behalf of their employer to violate the minimum wage standards, and numerous other labor codes and violations of IWC Order. All of these parties were on notice and directly participated in forcing Plaintiff to suffer many hardships including (but not limited to) having to work without overtime pay, without proper meal and rest

breaks, without wage statements, without being reimbursed his travel time, without receiving all pay on proper pay dates, without receiving all pay when terminated. Liability for the above also attaches to the owners, directors, officers and managing agents of Defendants, pursuant to Cal. Lab. Code §558.1(b). Liability thus attaches to the defendant owners, directors, officers and managing agents named herein, and other DOES defendants to be determined in discovery who acted to further the illegal behavior.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**Failure To Pay Overtime**

(Labor Code §§ 510, 552, 1194, 1198 and 1199)

(AGAINST ALL DEFENDANTS)

29. Plaintiff re-alleges and incorporates all paragraphs above as though set forth fully herein. *Labor Code* § 510, states that: "eight hours of labor constitutes a day's work. Any work in excess of eight (8) hours in one workday and any work in excess of forty (40) hours in any one workweek... shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for the employee."

30. *Labor Code* § 552, states: "No employer of labor shall cause his employees to work more than six days in seven." Violation of this code enacts penalties under California *Labor Code* §558(a)(2).

31. *Labor Code* § 1198, states, "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions

of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

32. Under *Labor Code* §1194, "Any employee receiving less the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or the overtime compensation, including interest thereon, reasonable attorney's fees, and the costs of suit." Any time Plaintiff worked beyond his 8 hour days triggered a violation of not receiving minimum wages as he was essentially working off the clock.

33. Pursuant to *Labor Code* Section 1199(b), "Any employer or person who pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission is guilty of a misdemeanor and punishable by a fine of no less than one hundred dollars ($100.00) or by imprisonment for not less than 30 days, or by both."

34. Furthermore, travel time is considered compensable work hours where the employer requires its employees to meet at a designated place. (*Morillion v. Royal Packing Co.* (2000) 22 Cal.4th 575). "Hours worked" is defined under *Industrial Welfare Commission Order No. 4* and means "the time during which the employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

35. Salary non-exempt employees must be paid at the appropriate overtime rate for any hours worked in excess of 8 in a day or 40 in a week, computed by converting the weekly salary to an hourly rate. (California *Labor Code* §515).

36. From February 2020 through May 2020, Plaintiff regularly worked over 8 hours in a day and with travel time over 40 hours per workweek. During that time, Defendants failed to pay Plaintiff for all hours worked in excess of eight (8) hours in a workday and forty (40) hours in a workweek as required by California law. Further Plaintiff was denied double time compensation

for hours worked in excess of twelve (12) hours in a workday. Furthermore, while training in Israel Plaintiff was required to work more than 7 days in a row without a day of rest.

37. By Defendants failure to pay Plaintiff's travel time, Defendants are liable for premium pay, unpaid wages, interest, and attorneys' fees, pursuant to California *Labor Code* §§ 510, 1194, 1198 and 1199.

## SECOND CAUSE OF ACTION

**Failure to Provide Wage Statements and Records to Employees**

(Labor Code § 226)

(AGAINST ALL DEFENDANTS)

38. Plaintiff re-alleges and incorporates all paragraphs above as though set forth fully herein.

39. Section 226(a) of the California *Labor Code* requires employers to provide itemized wage statements accurately reporting total hours worked, wages earned, and all deductions made from wages earned by such employees.

40. Defendants have knowingly and intentionally failed to comply with *Labor Code* § 226(a) on each and every wage statement that they should have provided to Plaintiff.

41. By failing to keep adequate records, as required by *Labor Code* section 226, Defendants injured Plaintiff, making it difficult for Plaintiff to calculate the unpaid wages and what expenditures the employer did not reimburse. Those injuries include unpaid wages, interest, and penalties thereon.

42. Defendants failed to provide Plaintiff with an accurate itemized wage statement in accordance with the above labor code sections, from February 2020 to May 2020 which accurately reflected his working hours, overtime and wages earned for all those hours. From February 2020 to May 2020, Plaintiff travelled to job sites at least twice a month. Those shifts

sometimes exceeded 16 hours, which were not accounted for on his itemized wage statement as required by law. Those unaccounted hours were intentionally and knowingly left of Plainitff's wage statements and not reflected in his pay.

43. As such Defendants are also liable for the statutory and civil penalties associated with their non-compliance with California *Labor Code* § 226.

**THIRD CAUSE OF ACTION**

**Failure To Pay Wages Due Upon Termination**

(Labor Code §§201, 203, 204)

(AGAINST ALL DEFENDANTS)

44. Plaintiff re-alleges and incorporates all paragraphs above as though set forth fully herein.

45. California *Labor Code* § 201 requires that "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Because Defendants failed to pay Plaintiff travel time and overtime as it was earned and failed to pay all wages upon Plaintiff's termination, Defendants violated California *Labor Code* § 201.

46. Pursuant to *Labor Code* §203, Plaintiff is now each entitled to recover up to thirty (30) days of wages due to Defendants's "willful" failure to comply with the statutory requirements of California *Labor Code* § 201.

47. Pursuant to California *Labor Code* § 218.5, Plaintiff is also entitled to recover reasonable attorney's fees and costs.

**FOURTH CAUSE OF ACTION**

**Meal And Rest Break Violations**

(Labor Code §§ 226.7, 512 and Wage Order 4-2001 and others)

(AGAINST ALL DEFENDANTS)

48. Plaintiff re-alleges and incorporates all paragraphs above as though set forth fully herein.

49. As alleged herein, in addition to misclassifying Defendant as an exempt salaried employee, Defendants have maintained a policy that taught employees, including Plaintiff that meals and breaks were not permitted, that the focus was to get the job done as quickly as possible so that they could travel to the next job. As such, Defendants have systematically failed and/or refused to provide Plaintiff with an uninterrupted, off-duty meal break of at least 30 consecutive minutes in duration for all shifts in excess of 5 hours, as guaranteed to him under California Labor Code sections 226.7 and 512, and Wage Order 4-2001.

50. Wage Order 4-2001, paragraph 11, requires an employer to pay an employee an additional hour of compensation for every shift that the employer fails to provide its employees a mandated meal period. California Labor Code section 226.7, subdivision (b), likewise requires an employer to pay an employee an additional hour of compensation for every shift that it fails to provide its employees with a meal period as required by the California Wage Orders.

51. In addition, Defendants have systematically failed and/or refused to authorize or permit Plaintiff (and other employees) to take an uninterrupted 10-minute rest break for every 4 hours worked or major fraction thereof, as guaranteed to them as employees under California Labor Code section 226.7 and Wage order 4-2001.

52. Wage order 4-2001, paragraph 12, requires an employer to pay an employee an additional hour of compensation for every shift in which the employer fails to authorize or permit the employee to take a mandated rest period.

53. At all relevant times herein, Defendants have failed and/or refused to provide Plaintiff with the additional compensation for missed meal and rest break periods required by California Labor Code section 226.7 and Wage Order 4-2001.

54. Based on Defendants' conduct, as alleged herein, Defendants are liable to the Plaintiff, for unpaid premium wages for missed meal periods and rest breaks, pursuant to California Labor Code section 226.7 and Wage Order 4-2001.

55. By violating California *Labor Code* §§ 226.7, 512 and Wage Order 4-2001, and other codes for failure to provide uninterrupted off-duty meal and rest breaks, Defendants are liable for premium pay, unpaid wages, interest, and attorneys' fees, pursuant to California *Labor Code* §§ 226.7, 512, 2810(g)(1), and 558.1.

**FIFTH CAUSE OF ACTION**

**Misclassification Claims**

(Labor Code §§ 515, 515.5)

(AGAINST ALL DEFENDANTS)

56. Plaintiff re-alleges and incorporates all paragraphs above as though set forth fully herein.

57. Plaintiff was misclassified as an exempt salaried employee. This violated federal and state tax laws, and numerous regulations and orders.

58. Defendants willfully misclassified Plaintiff as exempt salaried employee despite not meeting the requirements for exempt employee status.

59. Defendants failed to pay overtime compensation, failed to pay travel time wages, failed to accurately report earnings and failed to provide for meal and rest breaks. As such they are

liable for unpaid overtime, unpaid travel time, unpaid wages for meal and rest breaks, statutory penalties, restitution, unpaid wages and attorneys' fees, pursuant to the California *Labor Code.*

## SIXTH CAUSE OF ACTION

Waiting Time Penalties

(Labor Code § §§ 201, 202 & 203)

(AGAINST ALL DEFENDANTS)

60. Plaintiff re-alleges and incorporates all paragraphs above as though set forth fully herein.

61. Sections 201, 202, and 203 of the California *Labor Code* require employers to promptly pay all wages owing to an employee at the conclusion of employment.

62. The wages earned and unpaid at the time of discharge are due and payable immediately, and in no case, no later than 72 hours after employment ends.

63. The Plaintiff no longer works for Defendants, yet the Company did not pay Plaintiff at the termination of employment in May 28, 2020.

64. Defendants' failures to pay Plaintiff all wages owing, as alleged above, were willful. Defendants therefore owe Plaintiff penalties in an amount to be determined at trial, pursuant to *Labor Code* § 203, which provides that an employee's wages shall continue as a penalty until paid, for a period of up to thirty (30) days from the time they were due.

## SEVENTH CAUSE OF ACTION

Unfair Competition and Unfair Business Practices

*(Business and Professions Code* §§17200 et seq)

*AGAINST ALL DEFENDANTS*

65. Plaintiff re-alleges and incorporates all paragraphs above as though set forth fully herein.

66. Defendants and each of them engaged in unfair and /or fraudulent business practices by engaging in unlawful and unfair business practices within the past four years. These business

practices include the aforementioned causes of action, in addition to failing to pay the necessary payroll taxes associated with the unpaid wages and overtime. Defendants are liable for all backpay and penalties to Plaintiff in addition to the fines and penalties the state and federal government will collect.

67. Defendants owe Plaintiff restitution which includes, but is not limited to, complete repayment of all lost wages, and benefits. Payments towards benefits such as disability, unemployment, social security, etc. are part of the sought after restitution.

## EIGHTH CAUSE OF ACTION

Breach of Covenant of Good Faith and Fair Dealing

(AGAINST ALL DEFENDANTS)

68. Plaintiff re-alleges and incorporates all paragraphs above as though set forth fully herein.

69. Plaintiff's contract with Defendants as embodied in the offer letter contained an implied-in-law covenant of good faith and fair dealing that neither party would do anything to interfere with the right of the other party to enjoy the actual benefits of that contract.

70. In failing to provide Plaintiff with the salary terms provided for in the Agreement via the Reduction in Salary applied in April and May of 2020, Defendants acted in bad faith resulting in Plaintiff being deprived of the benefits of his salary as provided by the contract. Additionally, Defendants violated the agreement with Mr. Plaintiff that his job was a remote position. Upon changing his position to be operational out of the Boca Raton office Plaintiff was not offered any consideration to change his location, nor was he compensated for his commute time to the new office.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff prays for relief and judgment against Defendants, jointly and severally, for:

1. Unpaid wages and compensation according to proof;
2. Statutory penalties pursuant to code;
3. Restitution of all compensation due, including but not limited to unpaid wages;
4. Interest accrued on damages and penalties, including pre-judgment interest, pursuant to, California Labor Codes including but not limited to §§ 218.6, 1194, 1194.2 and California Civil Code §§ 3287 and 3288;
5. Reasonable attorneys' fees and costs; and,
6. For such other relief as the Court may deem just and proper.

/s/ *Tina Locklear*
Tina Locklear, Esq.
Julie A. Goerlinger, Esq.
Attorneys for Plaintiff

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
TinaLocklear,SBN 206115 Julie Goerlinger SBN 282468
One Park Plaza, Sixth Floor, Irvine CA
TELEPHONE NO.: 714-331-1014 FAX NO. (Optional):
E-MAIL ADDRESS: tina@locklearlaw.com
ATTORNEY FOR (Name): Samuel Frist

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N Hill Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Frist v Nano et al

## CIVIL CASE COVER SHEET

[x] Unlimited (Amount demanded exceeds $25,000)
[ ] Limited (Amount demanded is $25,000 or less)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 22STCV18847
JUDGE:
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify)*: 7
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 9, 2022
Tina Locklear
(TYPE OR PRINT NAME)
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
  - Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition



For your protection and privacy, please press the Clear

| SHORT TITLE: FRIST V NANO et al | CASE NUMBER 22STCV18847 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES CLASS ACTION? ☐ YES LIMITED CASE? ☐ YES TIME ESTIMATED FOR TRIAL ______ ☐ HOURS/ ☐ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

**Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |

| SHORT TITLE: FRIST V NANO et al | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons -See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

| SHORT TITLE: FRIST V NANO et al | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review (Cont'd.) | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2., 9. |
| | | ☐ A6160 Abstract of Judgment | 2., 6. |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2., 8., 9. |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| Miscellaneous Civil Petitions | Partnership Corporation Governance(21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2., 3., 9. |
| | | ☐ A6123 Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190 Election Contest | 2. |
| | | ☐ A6110 Petition for Change of Name | 2., 7. |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100 Other Civil Petition | 2., 9. |

| SHORT TITLE: FRIST V NANO et al | CASE NUMBER: |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE<br>☐1. ☐2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | | | ADDRESS: Stanley Mosk Courthouse |
|---|---|---|---|
| CITY: Los Angeles | STATE: CA | ZIP CODE: 90012 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the CentralJudicial District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: June 9, 2022

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet form CM-010.
4. Complete Addendum to Civil Case Cover Sheet form LASC Approved CIV 109 03-04 (Rev. 03/06).
5. Payment in full of the filing fee, unless fees have been waived.
6. Signed order appointing the Guardian ad Litem, JC form 982(a)(27), if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

NANO DIMENSION USA, INC.a Delaware Company and (see additional Parties Attachment)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SAMUEL FRIST

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER: *(Número del Caso):* 22STCV18847

111 N Hill Street, Los Angekes, CA 90012 Stanley Mosk Courthouse

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Tina Locklear, Law Office of Tina Locklear, One Park Plaza, Sixth Floor, Irvine,CA 92614 Telephone 714-331-1014

DATE: *(Fecha)* June 9, 2022 06/09/2022 Sherri R. Carter Executive Officer / Clerk of Court Clerk, by *(Secretario)* Y. Tarasyuk , Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]




**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of (specify):

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:





For your protection and privacy, please press the Clear This Form button after you have printed the form.

Print this form | Save this form | Clear this form

SUM-200(A)

| SHORT TITLE: FRIST v NANO | CASE NUMBER: 22STCV18847 |
|---|---|

## INSTRUCTIONS FOR USE

- This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
- If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff ☒ Defendant ☐ Cross-Complainant ☐ Cross-Defendant

Doing business in California as NANO DIMENSION 3D, INC. and DOES 1 through 50 inclusive.



Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

CEB
www.ceb.com



Superior Court of California, County of Los Angeles

# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

## What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

## Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

## Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

## Main Types of ADR

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
- **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

Day of trial mediation programs have been paused until further notice.

**Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

FILED
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk
By [signature], Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT – MANDATORY ELECTRONIC FILING FOR CIVIL

FIRST AMENDED GENERAL ORDER

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

e) **"Electronic Filing Service Provider"** An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court. (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"** For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"** An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"** A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format. Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs. Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

ii) Bonds/Undertaking documents;

iii) Trial and Evidentiary Hearing Exhibits

iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

i) Depositions;

ii) Declarations;

iii) Exhibits (including exhibits to declarations);

iv) Transcripts (including excerpts within transcripts);

v) Points and Authorities;

vi) Citations; and

vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a separate digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day <u>before</u> the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

i) Any printed document required pursuant to a Standing or General Order;

ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

iii) Pleadings and motions that include points and authorities;

iv) Demurrers;

v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

vi) Motions for Summary Judgment/Adjudication; and

vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

11) SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED: May 3, 2019




KEVIN C. BRAZILE
Presiding Judge

SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

Reserved for Clerk's File Stamp

FILED
Superior Court of California
County of Los Angeles
06/09/2022
Sherri R. Carter, Executive Officer / Clerk of Court
By: Y. Tarasyuk Deputy

# NOTICE OF CASE ASSIGNMENT
# UNLIMITED CIVIL CASE

**Your case is assigned for all purposes to the judicial officer indicated below.**

CASE NUMBER: 22STCV18847

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Maurice A. Leiter | 54 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on 06/09/2022 (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By Y. Tarasyuk, Deputy Clerk

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

***Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.